IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| D.J. Donnelly, | Civil Action No. 8:09-910-HMH-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Bank of America Corporation; Kenneth D. Lewis, CEO; Kimberley Voshell, Quality Assurance; FIA Card Services, | |
| Defendants. | |

This matter is before the Court on the defendants' motion to dismiss [Doc. 42] pursuant to Federal Rule of Civil Procedure 12(b)(6). In his Complaint, the plaintiff alleges that the defendants retaliated against him for complaining about their decision to deny him additional credit.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The plaintiff brought this action *pro se*. This fact requires that her pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this

less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, however, do not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, "only a complaint that states a *plausible* claim for relief survives a motion to dismiss." *Id*. at 556 (emphasis added).

## **DISCUSSION**

The defendants contend that this case should be dismissed because there is no federal or state cause of action available to vindicate the wrongs the plaintiff alleges. The plaintiff's complaint avers the following:

- He had a credit card with Bank of America and FIA Card Services (Compl. ¶ 1);
- He had an excellent payment history (Compl. ¶ 1-3);
- He had requested various credit increases (Compl. ¶ 2);

2

- Those increases were mostly denied (Compl. ¶ 1, 2);
- He filed a formal complaint against the defendants with The Federal Reserve (Compl. ¶ 6); and
- Thereafter, the defendants retaliated against him by cancelling his credit card, in spite of his excellent payment history (Compl. ¶ 2, 6).

(Compl. at 6-7.)

As it must, the Court accepts these facts as true. Notwithstanding, they do not make out any claim for relief. The plaintiff claims that the retaliation taken by the defendants constitutes a violation of The Bank Secrecy Act, 12 C.F.R § 353.3 and "31 C.F.R. § 108.18." (Compl. ¶ 6) and that he made his complaint against them pursuant to the "The WhistleBlower Act of 1996" (Pl. Resp. Summ. J. at 1.) The cited statutory and regulatory provisions, however, are inapplicable to the facts at issue here or do not exist. The Court cannot determine how they could form any basis for relief. Moreover, the plaintiff has not alleged any false or inaccurate reporting of his credit *by the defendants* in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq*. His allegations pertain almost exclusively to an allegedly wrongful termination of his credit account.

The Court has also searched for some other statutory or common law protection for retaliation of the kind alleged, without success. The plaintiff has not alleged any breach of contract nor has he explained how any provision of any credit contract with the defendants would have prevented them from terminating credit or protected him from retaliation, even if such facts were established. The plaintiff does not allege retaliation on the basis of some immutable quality, such as race or gender or national origin. The plaintiff has simply not directed the Court and, the Court has been unable to determine on its own, a colorable cause of action implicated by the facts pled. The plaintiff has not established what legal basis exists to demand (a) entitlement to credit from a private institution, even assuming good credit, or (b) protection from termination of his credit, without apparent cause.

The Court is always hesitant to dismiss at this stage for fear of not allowing full development of the putative claims. But, the plaintiff has not made any reasonable showing that there exists legal basis, in federal or state law, to vindicate the alleged wrongs. Accordingly, amendment would be futile and discovery would not be a judicious use of time or resources.

While the Court should assume the truthfulness of well-pled facts, it must still determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1951 (2009). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. See id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Here, the Court cannot infer any misconduct from the Complaint.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion to dismiss [Doc. 42] be GRANTED.

s/ Bruce H. Hendricks
United States Magistrate Judge

October 27, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).