IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

D.J. Donnelly, )
)
        Plaintiff, ) C.A. No. 8:09-910-HMH-BHH
)
    vs. ) **OPINION & ORDER**
)
Bank of America Corporation; Kenneth )
D. Lewis, CEO; Kimberley Voshell, )
Quality Assurance; FIA Card Services, )
)
        Defendants. )

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Defendants seek to dismiss Plaintiff D.J. Donnelly's ("Donnelly") complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Donnelly's complaint alleges that Defendants retaliated against him for lodging a complaint against them for denying him additional credit. (Compl., generally.) In her Report and Recommendation, Magistrate Judge Hendricks recommends granting Defendants' motion to dismiss. (Report & Recommendation 8.) Donnelly filed objections on November 12, 2009. For the reasons stated below, the court grants Defendants' motion to dismiss.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Donnelly's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, Donnelly submits two specific objections to the magistrate judge's Report. He asserts that Magistrate Judge Hendricks (1) "denied [his complaint] without explanation" denying him "the right to full fair due process" and (2) "did not fully follow h[er] Oath [of Office]" in granting Defendants' motion to dismiss. (Objections 1-2.)

Magistrate Judge Hendricks concluded that Donnelly's complaint should be dismissed because after accepting all facts in the complaint as true "they do not make out any claim for relief." (Report & Recommendation 3.) Donnelly asserts that Magistrate Judge Hendricks "denied [his complaint] without explanation." (Objections 2.)

In federal court, a claimant must make only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). In addition, the court must accept as true factual allegations in the complaint.

Donnelly's complaint alleges that in February 2008 he received a Bank of America credit card with a limit of two thousand dollars ($2,000.00). (Compl. ¶ 1.) Despite having an "excellent payment history," Donnelly was later denied a credit increase request. (Id. ¶ 2.) After the denial, Donnelly "filed a formal complaint on the Defendants to The Federal Reserve in Washington, DC in which the Defendant, Kenneth D. Lewis [("Lewis")] was made aware of. On February 3, 2009 at 2:23 p.m. [Lewis], CEO, instructed Defendant Kimberly VoShell to cancel [Donnelly's] excellent paid Visa Account." (Id.) Donnelly alleges that the "unannounced cancellation of [his credit card] presents possible criminal activity produced by the Defendants." (Id. ¶ 3.) Additionally, Defendants' behavior has allegedly lowered Donnelly's credit score. (Id. ¶ 4.) Donnelly also asserts that the Defendants' decision to "cancel [his] account violated, The Bank Secrecy Act, 12 C.F.R. § 353.3." (Compl. ¶ 6.) Accordingly, Donnelly avers that this dispute arises "under The Constitution of the United States of America." (Id. ¶ 7.)

Accepting the factual allegations within the complaint as true, the court finds that Donnelly has failed to state a claim upon which relief may be granted. The complaint does not allege that Defendants have reported any false activity or information regarding Donnelly's

account with Bank of America.² Further, the complaint does not allege any breach of contract issues. Donnelly is attempting to "restore the original credit limit" of his Bank of America credit card and remove the notation of "closed by credit grantor" from his account. (Objections 2.) However, Donnelly has failed to provide the court with factual allegations that would cause the court to reasonably infer that a statutory or constitutional violation has occurred. Accordingly, this objection is without merit.

Second, Donnelly objects alleging that Magistrate Judge Hendricks violated her Oath of Office to administer justice and to give equal rights to the poor. (Objections 1.) The court construes Donnelly's objection to allege that Magistrate Judge Hendricks is biased. This objection is wholly without merit. Donnelly alleges that Magistrate Judge Hendricks has recommended denying his motion because he is a disabled pro se plaintiff. (Id.) Additionally, Donnelly alleges that "prejudice was given to the Defendant's [sic] counsel and to the Defendant's [sic] due to their standing in the Community and Law Firm." (Id.) This objection is without merit.

In her Report and Recommendation, Magistrate Judge Hendricks explained that the law requires that she give Donnelly's pleadings liberal construction because he is a pro se plaintiff. (Report & Recommendation 1.) Upon reviewing the factual allegations within the complaint, Magistrate Judge Hendricks properly concluded that Donnelly has failed to state a claim upon which relief may be granted. There is no evidence that the magistrate judge showed any prejudice against Donnelly as a pro se plaintiff. On the contrary, Magistrate Judge Hendricks

---

² Donnelly notes that his credit report originally stated "Closed by Consumer" but Defendants corrected the description noting that his account was "Closed by Credit Grantor." (Compl. ¶ 6.) He makes no argument in the complaint that this constituted false reporting.

4

"searched for some other statutory or common law protection for retaliation of the kind alleged" in an attempt to construe Donnelly's complaint as liberally as possible. (Id. at 3.) Accordingly, the court finds no evidence to support Donnelly's objection.

Based on the foregoing, the court adopts the Report and Recommendation of Magistrate Judge Hendricks and grants Defendants' motion to dismiss.

It is therefore

**ORDERED** that Defendants' motion to dismiss, docket number 42, is granted.

**IT IS SO ORDERED.**

            s/Henry M. Herlong, Jr.
            Senior United States District Judge

Greenville, South Carolina
November 19, 2009

## NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.